John J. Keller *v.* The Baltimore & Ohio Railroad Company, Appellant.

*Carriers of live stock—Bill of lading—Contract—Liability of carrier beyond its own line—Common carrier—Question for jury.*

A carload of horses was received by the defendant, a railroad company, at a point in Ohio. The plaintiff was named in the bill of lading as the consignee, and Frankford, Philadelphia, as the destination of the car. The defendant's railroad does not extend to Frankford. Its terminus for the delivery of freight is at a point in Philadelphia, several miles from Frankford. When the horses reached the defendant's terminus in Philadelphia, a delivery of them was tendered to the plaintiff's agent, and upon his request that they be carried to Frankford the car was delivered to another railroad company to be taken to Frankford. The written contract of shipment was to carry the horses " to the freight station, Phila., Pa., ready to be delivered to the consignee or his order, or to such company or carrier (if the same is to be forwarded beyond such station) whose line may be considered a part of the route to the destination of said stock," and it provided that the responsibility of the defendant as a carrier should cease at the freight station where delivery was made, or ready to be made, to the consignee, owner or carrier. *Held*, (1) that prima facie the duty of the defendant as a carrier ended when the horses were tendered to the agent of the consignee at the freight station, and from that time its responsibility was that of a forwarder only ; (2) that if the contract was so modified by agreement of the agents of the parties at the time of the shipment as to impose on the defendant a liability as carrier beyond its station in Philadelphia, it was for the plaintiff to establish this fact by proof, and the testimony relating to it was for the jury.

Argued Jan. 9, 1896.    Appeal No. 477, January T., 1895, by defendant, from judgment of C. P. No. 4, Phila. County, Sept. T., 1894, No. 639, on verdict for plaintiff.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Assumpsit against a common carrier for injury caused to horses while under transportation.    Before ARNOLD, J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

[The question to be submitted to you. is to inquire, first, whether you think there was any fault on the part of the defendant company, any negligence or carelessness in the manner

of transporting these animals and any unnecessary delay, because if there was no unnecessary delay, and the injury to the horses was caused by the excessively hot weather, or by the horses becoming restless and kicking each other, or becoming sick on account of the hot weather and falling down and being trampled on, all these are exceptions from liability in the bill of lading, and the defendant company is not responsible for injury caused in that way. It is only responsible for such injuries as have been caused by its neglect. The neglect charged in this case is that the car was not forwarded promptly, and that in consequence of the delay, which the plaintiff says was unnecessary and excessive, the horses became sick, and some of them died.

The question of fact for you to settle in the first place is whether you think, under all the evidence in the case, that the company was negligent or careless in the delivery of these horses, and whether there was any unnecessary delay in transporting them, and, therefore, whether that delay was the cause of the sickness and death of some of the horses. If you think so, you may proceed to assess the damages caused thereby. If, on the other hand, upon the whole case, you are of opinion that the sickness and death of these horses was caused by the excessive heat, one of the witnesses saying that the thermometer was 99 degrees outside of the car, and 120 degrees inside, which would make a human being sick, and if this sickness and injury to the horses was caused more by the weather than by the delay, it is not an injury which the company is responsible for, and the company ought not to be made to pay for it.

However, if you think otherwise, if you think there was negligence on the part of the company, and unreasonable delay in forwarding these horses, whereby they were made sick, and fell down and were trampled upon, and injured, and some killed, you may proceed to assess the damages.] [9]

Verdict and judgment for plaintiff for $827. Defendant appealed.

*Error assigned* among others was (9) portion of charge as above, quoting it.

*W. H. Addicks*, for appellant.—Unless there be a special con-

tract between the carrier and shipper, either arising from express words or necessary implication, the responsibility ceases at the terminus of the initial road so far as that road is concerned: Jennison v. R. R., 4 Am. Law Reg., Old Series, 236 ; Empire Transportation Co. v. Wallace, 68 Pa. 302 ; Muschamp v. Lancaster & Preston Junction Ry. Co., 8 Meeson & Welsby, 421 ; Watson v. Ambergate, Nottingham & Boston Ry., 3 Eng. Law & Equity, 497 ; Nutting v. Conn. River R. R., 1 Gray, 502 ; Thorn v. London etc., L. R. 9 Exch. 163 ; Express Co. v. Nat. Bank, 69 Pa. 394 ; Penna. R. R. v. Berry, 68 Pa. 272 ; Union Express Co. v. Shoop, 85 Pa. 325 ; R. R. v. Forsyth, 61 Pa. 81 ; Empire Co. v. Wallace, 68 Pa. 302.

*Charles F. Linde,* for appellee.—A carrier may bind himself to transport goods beyond the end of his own route, and thus become responsible for the default of those he employs to carry the remainder of the distance : Penna. R. R. v. Berry, 68 Pa. 272.

In the absence of a stipulation by a carrier to transport freight beyond its terminus, it is not responsible for the default of those it employs, but if it makes itself responsible by contract, or that can be inferred from the contract, it will be liable for a misdelivery of the goods by another : Clyde S. Co. v. Hubbard, 88 Pa. 358.

Freight agents are presumed to have authority, in the absence of notice to the public of any limitations upon their authority in that respect, to give information as to expedition of transportation or delivery : Easton v. Dudley, 45 Am. & Eng. R. R. 341 ; 1 Wood on Railroads, 2d ed. sec. 165 ; Deming v. R. R., 48 N. H. 457 ; Balto. S. Co. v. Brown, 54 Pa. 77 ; Brooke v. R. R., 108 Pa. 529.

The question whether a common carrier contracts to carry the goods which it receives to their destination, or only to deliver them safely to the next carrier at the point nearest or most convenient to the destination, is one of fact for the jury, dependent upon the circumstances : Phila. & R. R. R. v. Ramsey, 89 Pa. 474.

OPINION BY MR. JUSTICE FELL, March 2, 1896 :

It was left to the jury to determine whether there had been fault on the part of the defendant company in the manner of

transportation, or unnecessary delay which resulted in injury to the plaintiff's horses. This submission included but one of the questions raised at the trial. The car had been transferred to the tracks of the Philadelphia & Reading R. R. Co. and it was admitted that at the time of the injury of the horses it was not on the line of the defendant's road or in charge of its employees. The question of the defendant's responsibility beyond the terminus of its line was thus raised at the trial, and it is now presented by the ninth assignment of error.

The car load of horses was received by the defendant at Belpre, Ohio. The plaintiff was named in the bill of lading as the consignee, and Frankford, Philadelphia, as the destination of the car. The defendant's road does not extend to Frankford. The eastern terminus of its line for the delivery of freight is 24th and Race streets, several miles from Frankford. At this point delivery of the horses was tendered to the plaintiff's agent, who was in charge of them, and upon his request that they be carried to Frankford the car was delivered to the Philadelphia & Reading R. R. Co. The written contract of shipment was to carry the horses " to the freight station, Phila., Pa., ready to be delivered to the consignee or his order, or to such company or carrier (if the same is to be forwarded beyond such station) whose line may be considered a part of the route to the destination of said stock," and it provided that the responsibility of the defendant as a carrier should cease at the freight station where delivery was made or ready to be made to the consignee, owner or carrier. Prima facie the duty of the defendant as a carrier ended when the horses were tendered to the agent of the consignee at 24th and Race streets, and from that time its responsibility was that of a forwarder only : Camden & Amboy R. R. Co. v. Forsyth, 61 Pa. 81. If this contract was so modified by agreement of the agents of the parties at the time of the shipment as to impose on the defendants a liability as carriers beyond its station in Philadelphia, it was for the plaintiffs to establish that fact by proof. The testimony relating to this was for the jury. It could not be assumed that it had been established, and in the absence of satisfactory proof upon the subject the plaintiff was not entitled to recover.

The ninth assignment of error is sustained, and the judgment is reversed with a venire de novo.